Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1625 | **DATE** | 3/11/2013 |
| **CASE TITLE** | Olivet Baptist Church v. Church Mutual Ins. Co. | | |

**DOCKET ENTRY TEXT:**

The Court *sua sponte* dismisses the complaint for want of jurisdiction and grants leave to file an amended complaint by 4/12/13.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     A federal court must always assure itself that it has jurisdiction over a claim before it. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). "The party invoking jurisdiction bears the burden of establishing [jurisdiction] . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Life*, 504 U.S. 555, 561 (1992). In its complaint, plaintiff asserts that this Court has diversity jurisdiction over this case. This Court has jurisdiction over civil actions where the amount in controversy is greater than $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff has alleged that defendant is a Wisconsin corporation with its principal place of business in Wisconsin. Plaintiff has, thus, adequately alleged that defendant is a citizen of Wisconsin. 28 U.S.C. § 1332(c)(1). The complaint filed by plaintiff Olivet Baptist Church must be dismissed, however, because plaintiff has not adequately alleged its own citizenship.

     Plaintiff alleges that it "is a church entity and is located in Cook County, Illinois." If Olivet Baptist Church is a corporation (as the Illinois Secretary of State's website suggests it is), then plaintiff must so state and must allege not just its principal place of business but also its state of incorporation. 28 U.S.C. §1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *see also Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996). If, however, plaintiff is not a corporation, then it must allege the citizenship of all of its members. *Denlinger*, 87 F.3d at 217 ("The complaint is defective. It alleges that both the Church and the Order are organizations located in New York. Well, what kind of organizations? . . . If they are not corporations, then where are their members? Membership organizations, like partnerships, are citizens of every state of which any member is a citizen."). Whether plaintiff is a corporation or some other type of entity, it has not alleged enough information from which the Court can determine that it has jurisdiction over this case.

**STATEMENT**

The plaintiff has failed to meet its jurisdictional burden, and the complaint is dismissed for want of jurisdiction. Plaintiff is hereby granted leave to file an amended complaint by April 12, 2013. Alternatively, plaintiff may file its claims in state court.