**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

OLIVET BAPTIST CHURCH,     )
     Plaintiff,          )
                    )
v.                  )     Case No. 13-cv-01625
                    )
CHURCH MUTUAL INSURANCE     )
COMPANY,            )
     Defendant.         )

**RULE 12(B)(6) MOTION TO DISMISS COUNTS II THROUGH VII
OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND FOR OTHER RELIEF**

NOW COMES Defendant, CHURCH MUTUAL INSURANCE COMPANY ("Church Mutual"), by and through its attorneys, Johnson & Bell, Ltd. (Scott W. Hoyne), and for its Rule 12(b)(6) Motion to Dismiss states as follows:

**BACKGROUND**

1.     On March 27, 2013 Plaintiff Olivet Baptist Church ("Olivet") filed its First Amended Complaint against Church Mutual. A true and accurate copy of Plaintiff's First Amended Complaint, without exhibits, is attached as Exhibit "A".

2.     Contemporaneously with the filing of this Motion Defendant Church Mutual has filed its Answer to Count I of the First Amended Complaint. A true and accurate copy of Defendant's Answer to Count I is attached as Exhibit "B".

3.     This Motion, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), seeks dismissal of Plaintiff's Counts II through VII because said counts fail to state claims upon which relief can be granted.

**CONTROLLING LAW**

4.     This is a diversity action arising out of the alleged breach of an insurance contract. (First Amended Complaint, para. 12). Plaintiff Olivet is a not for profit Illinois

corporation which owns a church building at 3101 South Martin Luther King Drive in Chicago, Illinois. (First Amended Complaint, para. 1). Church Mutual issued a policy of insurance to Olivet which provided Olivet with coverage for wind related losses. (First Amended Complaint, para. 2). Plaintiff has alleged that Church Mutual breached the terms of its policy by failing to pay for a loss which occurred on or about March 1, 2011. (First Amended Complaint, paras. 9, 12).

5.     In diversity cases the courts determine choice of law by reference to the forum state's choice of law rules. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941); Auto-Owners Ins. Co. v. Websolv Computing, Inc., 580 F.3d 543 (2009). Illinois, the forum state, applies the "most significant contacts" test to choice-of-law disputes. Westchester Fire Ins. Co. v. G. Heileman Brewing Co., 321 Ill. App. 3d 622, 747 N.E.2d 955, 961, (1st Dist. 2001). In insurance coverage cases, Illinois considers a variety of factors to determine which state's substantive law should apply, including the domicile of the insured, the place of delivery of the policy, and the place of performance. Id. Illinois places the most importance on the location of the insured risk. Mass. Bay Ins. Co. v. Vic Koenig Leasing, 136 F.3d 1116, 1122 (1998). All of these factors point to Illinois in this case. The insurance policy was delivered to Olivet, an Illinois not for profit corporation, at its Chicago headquarters through an Illinois based agent. The risk is located in Illinois. Under Illinois choice of law principles, Illinois substantive law clearly applies.

## THE CLAIM ALLEGED IN COUNT II IS BARRED BY THE ILLINOIS SUPREME COURT DECISION IN *CRAMER V. INSURANCE EXCHANGE AGENCY*

6.     In its Count II Plaintiff alleges a cause of action based upon Defendant's alleged breach of its "common law duty of good faith and fair dealing". Illinois does not recognize a cause of action for breach of an insurer's "duty of good faith and fair dealing".

7.      In Cramer v. Insurance Exchange Agency, 174 Ill.2d 513, 675 N.E.2d 896 (1996)

the Illinois Supreme Court refused to recognize an independent action in tort for breach of the

implied covenant of good faith and fair dealing, stating that such a claim would be proper only in

the narrow context of cases involving an insurer's obligation to settle with a third party who has

sued the policyholder.  Discussing the requirement of good faith and fair dealing implicit in all

contracts, the Illinois Supreme expounded on the reason for its finding:

> This principal insures that parties do not try to take advantage of each other in a
> way that could not have been contemplated at the time the contract was drafted or
> to do anything that will destroy the other party's right to receive the benefit of the
> contract.  (Citations omitted).   This contractual covenant is not generally
> recognized as an independent source of duties giving rise to a cause of action in
> tort.  (Citations omitted).

Cramer, 174 Ill.2d at 525.  Given the Supreme Court's pronouncements in Cramer, the plaintiff's

claim for breach of the defendant's alleged duty of good faith and fair dealing must be dismissed.

## OLIVET'S COUNT III DOES NOT PLEAD A VIABLE CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

8.      In its Count III Plaintiff has alleged that Church Mutual had a fiduciary

relationship with Olivet and that Church Mutual breached its fiduciary duty to Plaintiff.  Plaintiff

has not alleged a cause of action which is recognized in the State of Illinois.

9.      It is settled law in this state that "no fiduciary relationship exists between an

insurer and insured as a matter of law".  Illinois State Bar Assn. Mutual Ins. Co. v. Cavenagh,

2012 Ill.App. LEXIS 1022, 983 N.E.2d 468, (1st 11810) (December 20, 2012).  The mere fact

that a contract of insurance exists between the parties is insufficient to support a finding of a

fiduciary relationship.  See generally, Martin v. State Farm Mutual, 348 Ill.App.3d 846, 808

N.E.2d 47 (1st Dist. 2004).  Absent the existence of a cognizable fiduciary duty, Plaintiff's claim

for breach of such a duty fails to state a cause of action.  Count III should be dismissed.

## PLAINTIFF'S COUNT IV DOES NOT STATE A CAUSE OF ACTION WHICH IS RECOGNIZED IN THE STATE OF ILLINOIS

10.     In its Count IV Plaintiff alleges that "(d)efendant has engaged in unfair and deceptive acts or practices in the business of insurance". (First Amended Complaint, para. 35). Plaintiff alleges that these "violations", together with Defendant's breach of its "duty of good faith and fair dealing" (First Amended Complaint, para. 38), entitle Plaintiff to damages. Plaintiff has not alleged in Count IV a cause of action recognized under Illinois law.

11.     Plaintiff has failed in its Count IV to plead a cognizable Illinois common law cause of action or, for that matter, the violation of a specific Illinois or federal statute. While fact pleading is generally not required in federal court a defendant is entitled to know the nature of the action alleged against that defendant. At the very least, federal notice pleading requires Olivet to identify the tort allegedly committed by Church Mutual or the statute violated by Church Mutual. Church Mutual respectfully suggests that it is impossible to discern precisely what claim is being alleged against Church Mutual in Count IV.

12.     It is conceivable, of course, that Plaintiff is attempting to allege a cause of action under Section 154.6 of the Illinois Insurance Code, 215 ILCS 5/154.6. That section of the Code defines "improper claims practice". Unfortunately for Plaintiff, the State of Illinois does not recognize a private cause of action under 215 ILCS 5/154.6. As noted by the appellate court in American Service Ins. Co. v. Passarelli, 323 Ill.App.3d 587, 752 N.E.2d 635 (1st Dist. 2001), the provisions of 215 ILCS 5/154.6 are regulatory in nature. Plaintiff's Count IV should be dismissed.

## COUNT V, PLAINTIFF'S CLAIM FOR "MISREPRESENTATION", FAILS TO STATE A CAUSE OF ACTION

13.     In its Count V Plaintiff alleges that "(e)ssentially, Defendant did not inform Plaintiff of certain exclusions in the policy". (First Amended Complaint, para. 40). Plaintiff

claims in Count V that Church Mutual is liable to Plaintiff "under theories of intentional misrepresentation, or in the alternative, negligent misrepresentation". (First Amended Complaint, para. 40). Plaintiff alleges that Olivet has suffered damages, including "mental anguish and attorney's fees" and that Defendant is liable for ". . . consequential and (unspecified) penalty based damages". (First Amended Complaint, para. 40).

14.    To recover for negligent misrepresentation in Illinois, a plaintiff must allege and prove that the defendant making the negligent misrepresentation is in the business of supplying information for the guidance of others in their business transactions. Moorman Mfg. Co. v. National Tank Co., 91 Ill.2d 69, 435 N.E.2d 443 (1982). Olivet has not alleged and cannot allege that Church Mutual is in the business of supplying information for the guidance of others in their business transactions. Plaintiff's negligent misrepresentation claim is thus barred by Moorman, *supra.*

15.    To the extent that Plaintiff seeks to allege a cause of action for intentional misrepresentation; i.e., fraud, then Olivet must plead such a claim with the specificity required by Federal Rule of Civil Procedure 9(b). *See generally,* Wigod v. Wells Fargo Bank, 673 F.3d 547 (7th Cir. 2012). The rules of pleading require Olivet to allege at least some facts stating precisely who, when, where and how Church Mutual's alleged intentional misrepresentation and/or fraud was committed.

16.    If Plaintiff's cause of action is based upon Church Mutual's alleged failure to "inform Plaintiff of certain exclusions in the policy" (First Amended Complaint, para. 40), then Plaintiff's cause of action is based upon the faulty premise that *an insurer* is obligated to read the policy *for the insured.* Such is not the law in Illinois. Illinois law imposes a duty upon an insured to review the terms of the insurance policy issued to him and to know the contents of that policy. *See generally,* National Production Workers' Union Ins. Trust v. Life Ins. Co. of North

America, 2010 U.S. Dist. LEXIS 29582. Church Mutual had no obligation under Illinois law to "inform" Plaintiff about the contents of the policy which Plaintiff was obligated to read.

17.     Defendant respectfully suggests that it is impossible for a not for profit religious institution to suffer "mental anguish". To the extent that Plaintiff alleged a cause of action for attorney's fees, consequential damages and "penalty based" damages, it is incumbent upon Plaintiff to allege or at least identify some recognized cause of action which supports an award of such damages. For all of the reasons set forth above Plaintiff's Count V should be dismissed.

## PLAINTIFF'S COUNT VI ALLEGES A CAUSE OF ACTION WHICH IS NOT RECOGNIZED UNDER ILLINOIS LAW

18.     In its Count VI Plaintiff alleges a claim for "common law fraud by negligent misrepresentation". Since fraud is a cause of action requiring intent Church Mutual is at a loss to understand precisely how fraud can be committed by "negligent" conduct.

19.     If Plaintiff is attempting to allege a cause of action for common law fraud then Plaintiff has failed to allege such a claim. Federal Rule of Civil Procedure 9(b) requires that fraud be plead with specificity. Such specificity is clearly lacking in Count VI.

20.     To the extent that Plaintiff is pleading a claim for "negligent misrepresentation" said claim is subject to dismissal for the same reasons what Plaintiff's Count V is subject to dismissal: Defendant Church Mutual is not in the business of supplying information for the guidance of others in their business transactions. *See generally*, Moorman Mfg. v. National Tank Co., 91 Ill.2d 69, 435 N.E.2d 443 (1982).

21.     Plaintiff's hybrid claim for "Common Law Fraud by Negligent Misrepresentation" simply does not state a cause of action recognized by the laws of Illinois.

## PLAINTIFF'S COUNT VII DOES NOT STATE
## A VIABLE CAUSE OF ACTION

22.     In its Count VII Plaintiff alleges that "Defendant has waived and are (sic) estopped from asserting any defense, conditions, exclusions or exceptions to the coverage not contained (sic) in any reservation of rights or denial letters to Plaintiff". (First Amended Complaint, para. 49). Money damages are not recoverable for "waiver or estoppel". Waiver and estoppel are defenses, not causes of action, and it is thus unclear what "relief" might be granted to Plaintiff under its Count VII. *See generally*, Shaw v. Bridges-Gallagher, Inc., 174 Ill.App.3d 680, 528 N.E.2d 1349 (5th Dist. 1998). Plaintiff's Count VII appears to be nothing more than a restatement of its contract claim, a claim set forth in Count I of Plaintiff's First Amended Complaint. Count VII is redundant and therefore subject to dismissal pursuant to Rule 12(b)(6) and Rule 12(f)(2) of the Federal Rules of Civil Procedure.

## CONCLUSION

23.     Olivet Baptist Church has alleged a cause of action for breach of contract in Count I of its First Amended Complaint. To the extent that Olivet believes it is entitled to fees and penalties then its claims fall within the purview of Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. Any award of penalties or fees under Section 155 will be made by this Court in accordance with Section 155.

24.     Plaintiff has not, in its Counts II through VII, alleged any additional causes of action for which relief might be granted. In an effort to avoid wasting this Court's time and Defendant's money on a 12(b)(6) Motion, Church Mutual's counsel did suggest to Plaintiff's counsel that Plaintiff's counsel simply amend its complaint and limit the relief sought to contract damages and, if Plaintiff wished to plead the same, a claim for fees and penalties under Section 155 of the Illinois Insurance Code. Copies of Defendant's correspondence to Plaintiff's counsel

are attached hereto as Exhibits "C" and "D". Plaintiff's counsel have chosen not to amend Plaintiff's Complaint. As a result, Church Mutual has had to expend time and money preparing this Rule 12(b)(6) Motion to Dismiss. Church Mutual is entitled to sanctions under Rule 11 from Plaintiff for Plaintiff's willful refusal to read the laws of the State of Illinois and plead its claims in accordance with those laws.

Respectfully submitted,

JOHNSON & BELL, LTD.

/s/Scott W. Hoyne
Attorney for Church Mutual Insurance Company
Johnson & Bell, Ltd.
33 West Monroe Street; Suite 2700
Chicago, Illinois 60603
p. 312-372-0770
f. 312-372-9818
hoynes@jbltd.com
*#3326031*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| OLIVET BAPTIST CHURCH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-01625 |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Olivet Baptist Church (hereinafter "Plaintiff"), by and through its attorneys, for its First Amended Complaint against Church Mutual Insurance Company ("Church Mutual" or "Defendant"), states as follows:

### NATURE OF THE CASE

1. Plaintiff owns the Property which is located at 3101 S. King Drive, Chicago, IL.

2. Prior to the occurrence in question, the Plaintiff purchased an insurance policy from Defendant to cover the Property at issue in this case for a loss due to storm related conditions, and other covered events, among other enumerated perils.

### PARTIES

3. Plaintiff is a church entity and is located in Cook County, Illinois. Plaintiff is also a corporation, duly incorporated within the state of Illinois, and with its principal place of business in the state of Illinois.

4. Defendant, Church Mutual Insurance Company, is a corporation engaged in the business of adjusting insurance claims with a principal place of business in Wisconsin. This includes the policy number 0109837-02-317133, which applies to the property, and is at issue in the present case. (A copy is attached hereto as Exhibit A).

EXHIBIT

A

## JURISDICTION AND VENUE

5.      This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Church Mutual and Olivet are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

6.      Church Mutual is a corporation organized under the laws of Wisconsin and has its principal place of business in Wisconsin. As such, for diversity purposes, Church Mutual is a citizen of the State of Wisconsin.

7.      Venue is proper for this action, since Plaintiff is located in Cook County, Illinois.

## FACTUAL BACKGROUND

8.      Church Mutual is, and during all relevant times has been, in the business of underwriting and issuing policies of property insurance and is authorized to transact business in many states.

9.      On or around March 1, 2011, the Property suffered incredible damage due to storm related conditions, and other covered events.

10.     In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process. By and through its policy, Plaintiff was objectively insured for the subject losses in this matter.

11.     Pursuant to its obligation as a policyholder, Plaintiff made complete payment of insurance premiums in a timely fashion. Moreover, its policy covered Plaintiff during the time period in question.

12.     Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

13.     Moreover, Defendant has failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

14.     In the months following, Plaintiff provided information to Defendant, as well as opportunities for Defendant to inspect the Property. However, Defendant failed to conduct a fair investigation into the damage to the Property. Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations regard to Plaintiff's claims.

15.     Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

16.     Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

17.     Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

18.     Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy that Plaintiff paid for, even though it was Defendant that failed to conduct a reasonable investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

19.     Defendant has failed to meet its obligations under respective statutes regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

20.     As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Defendant. Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

21.     In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.

22.     Defendants had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Plaintiff's property. Defendants' breached this duty in a number of ways, including but not limited to the following:

        a.    Defendants were to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's property loss;

        b.    Defendants had a duty to competently and completely handle and pay all damages associated with Plaintiff's residence; and/or

        c.    Defendants' failed to properly complete all adjusting activities associated with Plaintiff.

23.     Defendants' acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## COUNT I
## BREACH OF CONTRACT

24.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25.     According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claim made due to the extensive damages caused by the subject storm related conditions, and other covered events.

26.     As a result of the above, Plaintiff suffered extreme external and internal damages.

27.     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

## COUNT II
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

28.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

29.     By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

30.     Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should

have known that it was reasonably clear that Plaintiff's claims were covered. These acts, omissions, failures, and conduct by Defendant are a proximate cause of Plaintiff's damages.

## COUNT III
## BREACH OF FIDUCIARY DUTY

31.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32.     Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Defendant owed a duty of good faith and fair dealing to Plaintiff. Defendant's breached that fiduciary in that:

   a.   The transaction was not fair and equitable to Plaintiff;

   b.   Defendant did not make reasonable use of the confidence that Plaintiff placed upon it;

   c.   Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

   d.   Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

   e.   Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

   f.   Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

33.     Defendant is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Defendant's conduct.

<u>COUNT IV</u>
<u>UNFAIR AND DECEPTIVE ACTS</u>

34.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

35.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance.

36.     Such violations include, without limitation, all the conduct described in this Original Complaint, plus Defendant's failure to properly investigate Plaintiff's claim. Plaintiff also includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Defendant's failure to pay for the proper repair of Plaintiff's property, as to which Defendant's liability had become reasonably clear.

37.     Additional violations include Defendant's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's wind and hail damage and other related claims. Plaintiff further includes Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b.     Engaging in unfair claims settlement practices;

c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;

    e.      Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.      Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

38.    Defendant has also breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Complaint.

### COUNT V
### MISREPRESENTATION

39.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

40.    Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to its detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the property, loss of use of the property, mental anguish and attorney's fees. Defendant is liable for these actual consequential and penalty-based damages.

<u>COUNT VI</u>
<u>COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION</u>

41.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

42.     Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in its injuries and damages. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the wind and hail storm.

43.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff. Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

44.     By reason of Plaintiff's reliance on Defendant fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which it now sues.

45.     Plaintiff further alleges that because Defendant knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant, and constitutes conduct for which the law allows the imposition of exemplary damages.

46.     In this regard, Plaintiff will show that it has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

47.     Accordingly, Plaintiff requests that penalty damages be awarded against Defendant in a sum in excess of the minimum jurisdictional limits of this Court.

## COUNT VII
## WAIVER AND ESTOPPEL

48.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

49.     Defendant has waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

50.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this court.

## ATTORNEY FEES

51.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees.

## JURY DEMAND

52.     Plaintiff demands a jury trial.

## PRAYER

53.     Plaintiff prays that Judgment be entered against Defendant, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or unpled within this Original Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendants, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Kenneth C. Apicella
Drost, Gilbert, Andrew & Apicella
800 E. Northwest Hwy, Ste. 1090
Palatine, IL 60074
p. 847 934-6000
f. 847 934-6040
KCA@dgaalaw.com

Local Counsel


- and-

# THE VOSS LAW FIRM, P.C.


/s/Scott Hunziker
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021

**ATTORNEY FOR PLAINTIFF**
**Pending Admission *Pro Hac Vice***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

OLIVET BAPTIST CHURCH,       )
    Plaintiff,       )
           )
v.       )    Case No. 13-cv-01625
           )
CHURCH MUTUAL INSURANCE       )
COMPANY,       )
    Defendant.       )

### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant, CHURCH MUTUAL INSURANCE COMPANY ("Church Mutual"), by and through its attorneys, Johnson & Bell, Ltd. (Scott W. Hoyne), and for its Answer to Count I of the First Amended Complaint states as follows:

### NATURE OF THE CASE

1. Plaintiff owns the Property which is located at 3101 S. King Drive, Chicago, IL.

**ANSWER:**    Church Mutual admits the allegations of paragraph 1.

2. Prior to the occurrence in question, the Plaintiff purchased an insurance policy from Defendant to cover the Property at issue in this case for a loss due to storm related conditions, and other covered events, among other enumerated perils.

**ANSWER:**    Church Mutual admits that it issued a policy of insurance to plaintiff effective 12:01 a.m. Central Standard time on February 28, 2011. Church Mutual further admits that said policy provided certain "basic form" coverage for a windstorm or hail as is more specifically defined within the body of the subject policy. Church Mutual denies all remaining allegations of paragraph 2.



## PARTIES

3.   Plaintiff is a church entity and is located in Cook County, Illinois. Plaintiff is also a corporation, duly incorporated within the state of Illinois, and with its principal place of business in the state of Illinois.

**ANSWER:**   Church Mutual admits the allegations of paragraph 3.

4.   Defendant, Church Mutual Insurance Company, is a corporation engaged in the business of adjusting insurance claims with a principal place of business in Wisconsin. This includes the policy number 0109837-02-317133, which applies to the property, and is at issue in the present case. (A copy is attached hereto as Exhibit A).

**ANSWER:**   Church Mutual admits that it is a mutual insurance company which issues policies of insurance to religious organizations and other non-profit entities. Defendant admits that it issued its insurance policy No. 0109837-02-317133 to Olivet Baptist Church. Church Mutual further admits that its principal place of business is located in Merrill, Wisconsin and that policy No. 0109837-02-317133 is at issue in this case. Church Mutual admits that certain portions of the subject policy are attached to Plaintiff's First Amended Complaint but Church Mutual denies that a full and complete copy of the policy is attached to the First Amended Complaint at Exhibit "A". Church Mutual denies all remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5.   This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Church Mutual and Olivet are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

**ANSWER:**   Church Mutual admits the allegations of paragraph 5.

6.      Church Mutual is a corporation organized under the laws of Wisconsin and has its principal place of business in Wisconsin. As such, for diversity purposes, Church Mutual is a citizen of the State of Wisconsin.

**ANSWER:**      Church Mutual admits the allegations of paragraph 6.

7.      Venue is proper for this action, since Plaintiff is located in Cook County, Illinois.

**ANSWER:**      Church Mutual admits the allegations of paragraph 7.

## FACTUAL BACKGROUND

8.      Church Mutual is, and during all relevant times has been, in the business of underwriting and issuing policies of property insurance and is authorized to transact business in many states.

**ANSWER:**      Church Mutual admits the allegations of paragraph 8.

9.      On or around March 1, 2011, the Property suffered incredible damage due to storm related conditions, and other covered events.

**ANSWER:**      Church Mutual denies the allegations of paragraph of 9.

10.      In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process. By and through its policy, Plaintiff was objectively insured for the subject losses in this matter.

**ANSWER:**      Church Mutual denies the allegations of paragraph 10.

11.      Pursuant to its obligation as a policyholder, Plaintiff made complete payment of insurance premiums in a timely fashion. Moreover, its policy covered Plaintiff during the time period in question.

**ANSWER:**      Church Mutual admits that premiums on the subject policy were paid and that policy number 0109837-02-317133 was in force effective 12:01 a.m. on February 28, 2011. Church Mutual denies the remaining allegations of paragraph 11.

12.     Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

**ANSWER:**     Church Mutual admits that it has not paid the claims made by Plaintiff. Church Mutual denies the remaining allegations of paragraph 13.

13.     Moreover, Defendant has failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

**ANSWER:**     Church Mutual denies the allegations of paragraph 13.

14.     In the months following, Plaintiff provided information to Defendant, as well as opportunities for Defendant to inspect the Property. However, Defendant failed to conduct a fair investigation into the damage to the Property. Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations regard to Plaintiff's claims.

**ANSWER:**     Church Mutual admits that it was given the opportunity to inspect the property and that it did inspect the property. Church Mutual denies the remaining allegations of paragraph 14.

15.     Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

**ANSWER:**   Church Mutual admits that Plaintiff provided information regarding its claim and that Plaintiff made inquiries regarding its claim.   Church Mutual denies the remaining allegations of paragraph 15.

16.   Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

**ANSWER:**   Church Mutual denies the allegations of paragraph 16.

17.   Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

**ANSWER:**   Church Mutual denies the allegations of paragraph 17.

18.   Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy that Plaintiff paid for, even though it was Defendant that failed to conduct a reasonable investigation.   Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

**ANSWER:**   Church Mutual denies the allegations of paragraph 18..

19.   Defendant has failed to meet its obligations under respective statutes regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

**ANSWER:**   Church Mutual denies the allegations of paragraph 19.

20.     As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Defendant. Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

**ANSWER:**     Church Mutual denies the allegations of paragraph 20.

21.     In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.

**ANSWER:**     Church Mutual denies the allegations of paragraph 21.

22.     Defendants had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Plaintiff's property. Defendants' breached this duty in a number of ways, including but not limited to the following:

a.     Defendants were to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's property loss;

b.     Defendants had a duty to competently and completely handle and pay all damages associated with Plaintiff's residence; and/or

c.     Defendants' failed to properly complete all adjusting activities associated with Plaintiff.

**ANSWER:**     Church Mutual admits only to those duties imposed upon it by the contract of insurance and the law and denies any and all other duties alleged. Church Mutual denies breaching any duties owed to plaintiff. Church Mutual denies the remaining allegations of paragraph 22 including each and every subpart thereof.

23.     Defendants' acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

**ANSWER:**     Church Mutual denies the allegations of paragraph 23.

## COUNT I
## BREACH OF CONTRACT

24.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

**ANSWER:**    Church Mutual incorporates by reference all of its responses to Plaintiff's paragraphs 1 through 23 as its response to Paragraph 24.

25.    According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claim made due to the extensive damages caused by the subject storm related conditions, and other covered events.

**ANSWER:**    Church Mutual admits only to those duties imposed upon it by the contract of insurance and the law and denies any and all other duties alleged.  Church Mutual denies breaching any duties owed to plaintiff.  Church Mutual denies the remaining allegations of paragraph 25.

26.    As a result of the above, Plaintiff suffered extreme external and internal damages.

**ANSWER:**    Church Mutual denies the allegations of paragraph 26.

27.    Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

**ANSWER:**    Church Mutual denies the allegations of paragraph 27.

WHEREFORE, Defendant Church Mutual Insurance Company denies that Plaintiff is entitled to the damages sought in Count I of Plaintiff's First Amended Complaint.

## COUNT II
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

Church Mutual has responded to Count II with a Rule 12(b)(6) Motion to Dismiss filed contemporaneously with this Answer.

## COUNT III
## BREACH OF FIDUCIARY DUTY

Church Mutual has responded to Count III with a Rule 12(b)(6) Motion to Dismiss filed contemporaneously with this Answer.

## COUNT IV
## UNFAIR AND DECEPTIVE ACTS

Church Mutual has responded to Count IV with a Rule 12(b)(6) Motion to Dismiss filed contemporaneously with this Answer.

## COUNT V
## MISREPRESENTATION

Church Mutual has responded to Count V with a Rule 12(b)(6) Motion to Dismiss filed contemporaneously with this Answer.

## COUNT VI
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

Church Mutual has responded to Count VI with a Rule 12(b)(6) Motion to Dismiss filed contemporaneously with this Answer.

## COUNT VII
## WAIVER AND ESTOPPEL

Church Mutual has responded to Count VII with a Rule 12(b)(6) Motion to Dismiss filed contemporaneously with this Answer.

## DAMAGES

50.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this court.

**ANSWER:**     Church Mutual denies the allegations of paragraph 50.

## ATTORNEY FEES

51.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees.

**ANSWER:**     Church Mutual denies the allegations of paragraph 51.

## PRAYER

53.     Plaintiff prays that Judgment be entered against Defendant, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether plead or unpled.

**ANSWER:**     Church Mutual denies the allegations of paragraph 53.

WHEREFORE, Defendant Church Mutual Insurance Company prays that this Honorable Court dismiss this First Amended Complaint with prejudice and without costs.

Respectfully submitted,

JOHNSON & BELL, LTD.

/s/Scott W. Hoyne
Attorney for Church Mutual Insurance Company
Johnson & Bell, Ltd.
33 West Monroe Street; Suite 2700
Chicago, Illinois 60603
p. 312-372-0770
f. 312-372-9818
hoynes@jbltd.com
*#3325835*

March 5, 2013

hoynes@jbltd.com
312-984-0233

Drost, Gilbert, Andrew & Apicella
800 East Northwest Hwy., Suite 1090
Palatine, Illinois 60074

Attn:   Kenneth C. Apicella
        *Via Email Only – KCA@apicella-law.com*

        Re:     **Insured: Olivet Baptist Church**
                **Church Mutual Claim No.: 1137110**
                **Claimed Date of Loss: March 1, 2011**
                **Policy No.: 0109837-02-317133**
                **Olivet Baptist Church v. Church Mutual Insurance Company**
                **Our File No.: 4414-11007**

Dear Ken:

        As a follow up to our recent conversation I respectfully suggest that you file an amended complaint in this case.  We are certainly willing to concede that you can state a cause of action against Church Mutual for breach of contract.  We do not believe that you can, on the facts or the law, pursue causes of action for breach of a common law duty of good faith and fair dealing (Count II), breach of fiduciary duty (Count III), unfair and deceptive acts (Count IV), misrepresentation (Count V), common law fraud by negligent misrepresentation (Count VI) or waiver and estoppel (Count VII).  Our thoughts on Counts II through VII are as follows:

1.      **The claim alleged in Count II is barred by the Supreme Court decision in Cramer v. Insurance Exchange Agency, 174 Ill.2d 513 (1996).**

        In Cramer, *supra*, plaintiff sought recovery for "alleged bad faith and unfair dealing".  Plaintiff's claim in Cramer was apparently based upon the decision in Ledingham v. Blue Cross, 29 Ill.App.3d 339, 330 N.E.2d 540 (1975), reversed on other grounds, 64 Ill.2d 338, 356 N.E.2d 75 (1976).  The Cramer court rejected plaintiff's claims that a cause of action existed for an insurer's "bad faith" breach of contract.  Mere allegations of bad faith or unreasonable and vexatious conduct, without more, will not support a tort claim in Illinois.  Cramer, 174 Ill.2d at 528.  Your client's remedy for any alleged vexatious or unreasonable conduct on the part of Church Mutual would be pursuant to Section 155 of the Illinois Insurance Code.

2.      **Olivet cannot plead a cause of action against Church Mutual for breach of fiduciary duty.**

        In Count III you allege that Church Mutual breached a fiduciary duty owed to Olivet


EXHIBIT
C

Baptist Church. Neither the allegations of the complaint, nor the facts as we know them, will support a breach of a fiduciary duty claim against Church Mutual.

It is settled law that "no fiduciary relationship exists between an insurer and an insured as a matter of law". Illinois State Bar Association Mutual Insurance Company v. Cavenagh, 2012 Ill.App. LEXIS 1022, 2012 IL APP (1st) 11810 (December 20, 2012). The mere fact that a contract of insurance exists between the parties is insufficient to support a finding of a fiduciary relationship. Moreover, you have failed to plead specific facts to establish that a relationship existed upon which a fiduciary duty could be predicated. See generally, Martin v. State Farm Mutual, 348 Ill.App.3d 846, 808 N.E.2d 47 (1st Dist. 2004).

3.    **Neither the law nor the allegations of the complaint will support a cause of action for "Unfair and Deceptive Acts".**

Without alleging specific bad acts on the part of Church Mutual, Count IV alleges a claim for "unfair and deceptive acts". No state or federal statute was allegedly breached. There is no private cause of action under Section 154.6 of the Insurance Code. See, 215 ILCS §5/154.6; American Service Insurance Company v. Passarelli, 323 Ill.App.3d 587, 752 N.E.2d 635 (1st Dist. 2001). Jurisdiction is pursuant to 28 U.S.C §1332(a)(1) – diversity – so we have to presume that Count IV is brought pursuant to Illinois common law. We are not aware of any common law action in Illinois for "unfair or deceptive acts or practices in the business of insurance".

As noted above, Illinois does not recognize a cause of action for "bad faith" breach of a contract. If you are seeking to state a cause of action for an independent tort then it is incumbent upon you to state some facts in support of such an allegation. We think that you also have to identify the tort. Since your claim is apparently based upon fraudulent acts you must, pursuant to Federal Rules of Civil Procedure 9(b), state such facts with specificity.

Frankly, as we both know, Cramer bars any cause of action under Illinois law for unfair or deceptive claims practices. Cramer bars any and all claims for bad faith breach of an insurance contract.

4.    **Olivet has not stated a viable claim in Count V for misrepresentation.**

To recover for negligent misrepresentation in Illinois, a plaintiff must prove that the defendant making the negligent misrepresentation is in the business of supplying information for the guidance of others in their business transactions. Moorman Manufacturing Co. v. National Tank Co., 91 Ill.2d 69, 435 N.E.2d 443 (1982). Olivet has not alleged and cannot allege that Church Mutual is in the business of supplying information for the guidance of others in their business transactions. Accordingly, the negligent misrepresentation claim made by Olivet in Count V is barred by Moorman.

Olivet's intentional misrepresentation claim fares no better than its negligent

misrepresentation claim. Intentional misrepresentation is fraud. Fraud must be pled with specificity pursuant to Federal Rule of Civil Procedure 9(b). *See generally,* Wigod v. Wells Fargo Bank, 673 F.3d 547 (7th Circuit 2012). If Olivet is alleging some kind of intentional misrepresentation (i.e., fraud) then at least some facts must be alleged to specify precisely who, when, where, and how the fraud was committed.

**5.      Olivet cannot state a claim under Illinois law for "common law fraud by negligent misrepresentation".**

Negligent misrepresentation does not require intent whereas common law fraud does require intent. We are at a loss to understand precisely how anyone in this state or any state can commit fraud (an intentional act) by acting negligently.

Even if you reject the above analysis, the Illinois Supreme Court decision in Cramer and the economic loss doctrine (Moorman) bar Olivet from pursuing its hybrid claim against Church Mutual. Any alleged common law fraud has not been alleged with specificity as required by Federal Rule of Civil Procedure 9(b). All that Olivet has pled in Count VI, at best, is an economic loss which is barred by Moorman.

**6.      In Count VII of your complaint you allege that Defendant "has waived and are (sic) estopped" from asserting any defenses not contained in a reservation of rights or letter of denial.**

It is impossible to determine what defenses have been "waived" or what defenses Church Mutual should be "estopped" from asserting unless you specify those defenses. More importantly, Illinois does not recognize a cause of action for "waiver" and/or "estoppel". Neither waiver nor estoppel provides Olivet with a legal basis grounds for recovering monies from Church Mutual.

In the interest of saving your client and my client the time and expense of arguing a motion to dismiss, we respectfully request that you file an amended complaint alleging breach of contract and requesting, if you wish, statutory penalties and fees allowed pursuant to the aforementioned Section 155.

Please call with any questions.

Very truly yours,

JOHNSON& BELL, LTD.

SWH/lmr
#3260105

Scott W. Hoyne

**Scott W. Hoyne**

| | |
|---|---|
| **From:** | Scott W. Hoyne |
| **Sent:** | Tuesday, April 30, 2013 4:48 PM |
| **To:** | kca@apicella-law.com |
| **Subject:** | Olivet |

Hi Ken

I am writing to you because I do not have an email for Scott Hunziker. If you have an email for Scott perhaps you would be kind enough to forward it to me.

We are obligated to provide the court with our initial status on May 17. You will have to appear. We will have to comply with the court's standing order, which is quite onerous. We need to get moving on that asap.

I need to know within the next two days if you are going to amend the complaint or not. If I hear nothing then I have to assume that you and Mr. Hunziker have chosen to ignore the case law in this state, case law which mandates a dismissal of most of the counts of the current amended complaint. I would refer you once again to my letter to you of March 5, 2013. My client has suggested that I seek Rule 11 sanctions in my motion to dismiss. I don't want to do that, nor do I want to waste my time on a motion which will certainly be granted. I have no objection to your filing another amended complaint and would agree to an order setting a reasonable time for the filing of same.

I respectfully request that you do whatever you can to avoid needlessly wasting my time and my client's money. I suspect that you do not disagree with the legal analysis set forth in my March 5 letter. Presuming that to be the case please help me to get this case moving in the right direction. Thanks in advance for your consideration of my requests.

Regards, Scott

1

