IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLIVET BAPTIST CHURCH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-01625 |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | Presiding Judge Marovich |
| COMPANY, | ) | |
| Defendant. | ) | Magistrate Judge Sheila Finnegan |

## DEFENDANT'S MOTION TO DISMISS/FIFTH MOTION TO COMPEL

NOW COMES the Defendant, CHURCH MUTUAL INSURANCE COMPANY ("Church Mutual"), by and through its attorneys, Johnson & Bell, Ltd. (Scott W. Hoyne), and for its Motion to Dismiss/Fifth Motion to Compel against Olivet Baptist Church ("Olivet"), brought pursuant to Rule 33, 34 and 37 of the Federal Rules of Civil Procedure, states as follows:

1.    As this Court is well aware, Defendant Church Mutual has experienced considerable difficulty securing requested records from Plaintiff Olivet. A detailed chronology of the problems experienced by Church Mutual is set forth in Church Mutual's Third Motion to Compel (Doc. #42) and Fourth Motion to Compel (Doc. #54). In fact, until recently, Olivet had failed or refused to provide Church Mutual with such basic information as a description of the "weather event" which allegedly allowed for the infiltration of water into the church causing Plaintiff's loss.

## I.    PLAINTIFF'S FIFTH AND SIXTH "SUPPLEMENTAL OBJECTIONS AND ANSWERS TO INTERROGATORIES" ARE NOT IN COMPLIANCE WITH THIS COURT'S ORDER OF AUGUST 12, 2014.

2.    The parties were most recently before the Honorable Shelia Finnegan on August 12, 2014. At that time the Court held a hearing on Defendant's Fourth Motion to Compel.

1

Following that hearing the Court issued its Minute Entry (Doc. #58) in which the Court ordered, in pertinent part, as follows:

> Plaintiff shall provide supplemental answers that provide the date for each weather event, a description of each such weather event (e.g., windstorm, hailstorm, tornado), and a description of the specific damage to the church resulting from each weather event and cost of repair.

Minute Entry, Doc. #58. Pursuant to the Court's order, Plaintiff's supplemental and signed answers to Defendant's interrogatories were due by August 26, 2014. (Doc. #58).

3.      On August 26, 2014 Plaintiff's counsel served Church Mutual with "Plaintiff's Fifth Supplemental Objections and Answers to Interrogatories". A true and accurate copy of said document is attached hereto as Exhibit "A". The document was verified by Deacon Arnold Romeo. Deacon Romeo is a licensed practicing attorney in the State of Illinois. He was previously deposed in this case and will be redeposed pursuant to previous court orders.

4.      A cursory review of Plaintiff's Fifth Supplemental Objections and Answers to Interrogatories reveals an obvious lack of attention to detail in the preparation of the document in question. Church Mutual's objections to Plaintiff's Fifth Supplemental Objections and Answers to Interrogatories were conveyed to lead counsel Scott Hunziker and local counsel Ken Appicella by email dated August 27, 2014. A true and accurate copy of Church Mutual's objections are attached hereto as Exhibit "B". As Defendant Church Mutual pointed out in its August 27, 2014 email the Fifth Supplemental Objections and Answers to Interrogatories are non-responsive to this Court's Order of August 12, 2014 .

5.      Plaintiff's Fifth Supplemental Objections and Answers to Interrogatories reference a report and estimate prepared by "United Construction Consultants, LLC". As counsel for Olivet later admitted to counsel for Church Mutual, Olivet has never retained the services of "United Construction Consultants, LLC". The estimates referenced in the Fifth

Supplemental Objections and Answers to Interrogatories are apparently not estimates for the damage claimed by to Olivet.

6.      Second, Plaintiff's Fifth Supplemental Objections and Answers to Interrogatories described the United Construction Consultant's work as "current unpaid and owed". Such reference was the first such reference in this case to any repairs performed for Olivet.

7.      Third, Plaintiff's Fifth Supplemental Objections and Answers reference claims to a "dwelling" and to "other structures". Olivet is not making a claim for damages to a "dwelling". Moreover, Olivet has never made a claim for damage to any "other structures" other than the church located at 3101 South Martin Luther King Drive. Defendant Church Mutual has no way of knowing precisely what the estimates in question reference.

8.      Finally, the only estimates provided to Church Mutual in the Fifth Supplemental Objections and Answers to Interrogatories were estimates for the "sanctuary" portion of the church. The original estimates provided to Church Mutual by the Stephenson Group contain estimates for repair of the fellowship hall and education wing of the church. Since no reference to the fellowship hall and the education wing can be found in the Plaintiff's Fifth Supplemental Objections and Answers to Interrogatories any objective observer would ask the obvious question: Is Olivet still pursuing a claim for damage to the fellowship hall and education wing? Church Mutual has been unsuccessful in securing an answer to this question. True and accurate copies of Church Mutual's August 27 and September 4, 2014 emails are attached as Exhibits "B" and "C".

9.      Little thought was given to the preparation of Fifth Supplemental Objections and Answers to Interrogatories. Said "Objections and Answers" are not in compliance with this Court's order of August 12, 2014.

10. After Church Mutual's concerns about the Fifth Supplemental Objections and Answers to Interrogatories were brought to the attention of Plaintiff's counsel Church Mutual was advised that a "Sixth Supplemental Objections and Answers to Interrogatories" would be prepared and served upon Defendant. It took some time to secure unsigned Sixth Supplemental Objections and Answers to Interrogatories. Eventually, on September 4, 2014, counsel for Plaintiff provided Church Mutual with the unsigned Sixth Supplemental Objections and Answers to Interrogatories. A true and accurate copy of same is attached as Exhibit "D". The Sixth Supplemental Objections and Answers to Interrogatories have never been verified by any Church representative.

11. Having failed to file timely or verified responses to Defendant's Interrogatories, Plaintiff is in non-compliance with this Court's order of August 12, 2014.

## II. PLAINTIFF HAS FAILED TO MAKE AVAILABLE ITS RULE 30(b)(6) WITNESS(ES).

12. On July 21, 2014 Church Mutual provided Plaintiff's counsel with a Rule 30(b)(6) Notice of Deposition. Pursuant to the notice, Church Mutual requested the deposition of Plaintiff's 30(b)(6) witness on August 26, 2014. A true and accurate copy of Defendant's Rule 30(b)(b) notice is attached as Exhibit "E".

13. In conversations with Plaintiff's counsel Church Mutual has been advised that Olivet's 30(b)(6) witness will be Deacon Arnold Romeo of the Olivet Baptist Church. Counsel for Olivet requested a continuance of the 30(b)(6) deposition, a request to which Church Mutual agreed. Despite numerous requests in recent weeks for a date certain for the Rule 30(b)(6) deposition of Deacon Romeo Church Mutual has never received a definite date for the deposition of Deacon Arnold Romeo or any other Rule 30(b)(6) witness. As noted above, Deacon Arnold Romeo is a the same individual who signed the Fifth Supplemental Objections

and Answers to Interrogatories and who will presumably be signing or may sign the Sixth Supplemental Objections and Answers to Interrogatories.

14.     Since fact discovery is scheduled for cut-off on September 31, 2014 time is of the essence with respect to Defendant's Rule 30(b)(6) deposition request.  Copies of emails to Plaintiff's counsel requesting dates for the 30(b)(6) deposition are attached hereto as Exhibits "F","G" and "H".

### III.     PLAINTIFF OLIVET HAS STILL NOT PRODUCED ALL OF THE RECORDS REQUESTED BY DEFENDANTS.  PLAINTIFF'S NON-DISCLOSURE ALSO VIOLATES FEDERAL RULE 26 WHICH REQUIRES THE VOLUNTARY DISCLOSURE OF DOCUMENTS.

15.     Within the time prescribed by Rule 26 of the Federal Rules of Civil Procedure Plaintiff Olivet produced to Defendant Church Mutual a report from The Stephenson Group. Said report was almost 700 pages in length.  In said report The Stephenson Group detailed its estimate of the cost of repair damage to Olivet allegedly caused by wind.  Summary sheets for The Stephenson Group estimate are attached hereto as Exhibits "I", "J", and "K".

16.     On August 7 and 8 of 2014 Defendant Church Mutual took the depositions of Shannon Cook, Kevin Mohr and Robert Stephenson.  These depositions were taken at the office of Plaintiff's counsel in The Woodlands, Texas.   The depositions were taken pursuant to subpoena which Defendant served upon Messrs. Cook, Mohr and Stephenson at Plaintiff's request.  A true and accurate copy of Defendant's subpoenas to Mr. Cook, Mr. Mohr and Mr. Stephenson are attached hereto as Exhibits "L", "M" and "N".

17.     As a review of the subject subpoenas will reveal The Stephenson Group deponents were asked to produce at the time of deposition copies of their files.  Prior to the depositions of Cook, Mohr and Stephenson counsel for Defendant was assured by Plaintiff's counsel that all requested documents had been previously produced.  Mr. Stephenson was the

last individual deposed during defense counsel's trip to Texas. At the commencement of his deposition Mr. Stephenson produced a "zip file" which Stephenson claimed contained nothing more than what had previously been produced. Counsel for Church Mutual had neither the time nor the means to examine the electronic "zip file" produced by Mr. Stephenson prior to the commencement of his deposition and simply proceeded with the deposition of Mr. Stephenson in reliance upon Mr. Stephenson's and Olivet's representations.

18.     After returning to Chicago from Texas counsel for Church Mutual downloaded the zip file and then compared the contents of the zip file to those documents already produced by Olivet. The zip file contained documents previously unknown to Church Mutual; in particular, a second estimate prepared by The Stephenson Group for the damages allegedly sustained by Olivet. The aforementioned second estimate is 143 pages long and too lengthy to be attached to this Motion. However, the aforesaid second estimate does contain a summary total of the second estimate prepared by The Stephenson Group for the Olivet Baptist Church. A copy of that summary total is attached hereto as Exhibit "O".

19.     As a comparison of the two estimates prepared by The Stephenson Group will reveal, the second estimate is considerably different from the first. In fact, the second estimate, which totals $2,706,938, is approximately $1.5 million dollars less than the first estimate. Given the late disclosure of the second estimate by Olivet and by Mr. Stephenson, Church Mutual had no opportunity to question Mr. Stephenson about the second estimate. The untimely disclosure of the second estimate prepared by The Stephenson Group follows a pattern of untimely and piecemeal disclosure which characterizes Olivet's conduct throughout the course of this litigation.

## IV.    RELIEF SOUGHT.

20.    Ever since suit was filed by Olivet on March 1, 2013, Defendant Church Mutual has sought full and complete disclosure of Plaintiff's contentions, witnesses, and documents. Defendant's efforts have been stymied by Plaintiff's persistent delays, partial productions, baseless objections and unexplained oversights.

21.    Defendant acknowledges and appreciates the Court's Order allowing Church Mutual to redepose Deacons Sawyer, King and Romeo once all pertinent documents have been produced and once Olivet has properly answered Defendant's Interrogatories. Defendant Church Mutual respectfully suggests, however, that it may be both difficult and unproductive to depose or redepose anyone other than Plaintiff's Rule 30(b)(6) witness before Plaintiff [1] discloses all pertinent records regarding Plaintiff's loss; [2] provides proper, complete and sworn responses to Defendant's Interrogatories; [3] provides a precise date for the deposition of Plaintiff's Rule 30(b)(6) witness(es).

For these reasons Defendant Church Mutual requests the following:

[a]    An Order dismissing Plaintiff's action as a sanction for its continuous and repeated violation of the rules of discovery, or alternatively,

[b]    An Order of Court barring Plaintiff from introducing at trial any evidence concerning the physical condition of Olivet's property prior to or subsequent to the alleged date of loss of March 1,2011, and

[c]    An Order of Court barring Plaintiff from contradicting at trial any evidence presented by Defendant Church Mutual concerning the physical condition of Olivet's property prior or subsequent to March 1, 2011.

Should this Court choose to deny the above requests then Defendant respectfully requests the following relief:

[d]    An Order compelling Plaintiff to answer properly and completely Defendant's Interrogatories.

[e] An Order compelling Plaintiff to produce, in Chicago, Messrs. Mohr, Cook and Stephenson for redeposition.

[f] An Order setting a date certain for the redeposition of Messrs. Cook, Mohr and Stephenson.

[g] An Order setting a date certain for the Rule 30(b)(6) deposition and redeposition of Deacon Romeo.

[h] An Order setting a date certain for the redepositions of Deacons Sawyer and King.

[i] Defendant's attorneys' fees and costs expended and anticipated as a result of Plaintiff's delays and disregard of rules of discovery, including costs incurred for bringing this and prior motions to compel.

[j] Such other relief and sanctions as this Court deems appropriate.

Respectfully submitted,

By:   /s/Scott W. Hoyne

     One of the Attorneys for the Defendant

JOHNSON & BELL, LTD.
33 W. Monroe Street; Suite 2700
Chicago, Illinois 60603-5404
(312) 372-0770
ARDC # 1274449

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLIVET BAPTIST CHURCH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-01625 |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | Presiding Judge Marovich |
| COMPANY, | ) | |
| Defendant. | ) | Magistrate Judge Keys |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September _____, 2014, he caused to be served the above the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

By: /s/Scott W. Hoyne_____

Scott W. Hoyne- ARDC # 1274449
JOHNSON & BELL, LTD.
33 W. Monroe Street
Suite 2700
Chicago, Illinois 60603-5404
(312) 372-0770
#3854307

# *EXHIBIT A*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **OLIVET BAPTIST CHURCH,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 1:13-cv-01625** |
| | § | |
| **CHURCH MUTUAL INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIFTH SUPPLEMENTAL OBJECTIONS AND ANSWERS TO INTERROGATORIES

TO:   Defendant Church Mutual Insurance Company, by and through its attorney of record, Scott W. Hoyne, Johnson & Bell, LTD, 3 West Monroe Street, Ste. 2700, Chicago, IL 60603

COMES NOW Plaintiff in the above-entitled and numbered cause of action, and pursuant to the Federal Rules of Civil Procedure, as well as pursuant to the existing agreements between the parties, serves this its Fifth Supplemental Objections and Answers to Defendant, Church Mutual Insurance Company's Interrogatories.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.
26619 Interstate 45
The Woodlands, Texas 77380
(713) 861-0015 (Telephone)
(713) 861-0021 (Facsimile)

By: _____
SCOTT G. HUNZIKER
Federal ID No. 38752

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded to all attorneys of record named below on the 26th day of August, 2014.

Scott W. Hoyne
Johnson & Bell, LTD
3 West Monroe Street, Ste. 2700
Chicago, IL 60603

Kenneth C. Apicella
Drost, Gilbert, Andrew & Apicella
800 E. Northwest Hwy, Ste. 1090
Palatine, IL 60074

Scott G. Hunziker

## PLAINTIFF'S FIFTH SUPPLEMENTAL OBJECTIONS
## AND ANSWERS TO INTERROGATORIES

2.      State the full name, current or last known business and residential address and current or last known business, residential and cell telephone numbers of each person who witnessed or claims to have knowledge of the occurrences that are the subject of this suit and described in Plaintiff's Second Amended Complaint, and state the precise date of each such occurrence witnessed by those persons identified in response to this interrogatory.

**ANSWER:**   **Deacon Henry Sawyer, Chairman of Deacons at the time, first observed the damage resulting from the incident immediately following the event on March 1, 2011.  It was the further observed by Pastor Noble (pastor at that time), and later by Deacon Eugene King, within the month of March, 2011.   The information for these individuals is listed below, as well their phone numbers, although current Olivet employees, pastors and deacons, can be reached through Plaintiff's counsel.**

a.      **Rev. Dr. Michael A. Noble – Pastor of Olivet Baptist Church on March 1, 2011; last known address -- Shiloh Missionary Baptist Church, 383 Washington St. - Newark, Ohio 43055; Phone: (740)349-9133;**

b.      **Deacon Henry Sawyer – Olivet Baptist Church, 3101 S. King Drive, Chicago IL. 60616;  Home address: 451 E. 41 Street, Chicago IL;**

c.      **Deacon Eugene King, 3101 S. King Drive Chicago, IL 60616;  Home address: 7320 N. Rogers Ave. Apt. 509,  Chicago, IL. 60626;**

d.      **Steve Olszewski Construction, 5604 S. Oak Park Ave., Chicago, IL 60638; (773)586-1897; Cell (773)415-6664;**

e.      **Antonio Halsey, antoniohalsey@sbcglobal.net; (773)671-2700;**

f.      **Shannon Cook and Kevin Mohr, The Stephenson Group, 3002 Sawdust Road, Ste. 1, The Woodlands, Texas 77380; (832)683-0315; and**

g.      **Thomas M. Shingler, Design Dynamics, 17772 Preston Rd., Ste. 204, Dallas, Texas 75252; (972)740-5580; and**

h.      **Scott G. Hunziker, The Voss Law Firm, 26619 Interstate 45, The Woodlands, Texas 77380; (713)861-0015.**

Plaintiff also believe that the YORK company and the engineers sent by YORK and Church Mutual also observed the damage.  They had full access to the sanctuary and made several inspections of the damage on an ongoing basis.  Logically, all the additional requested contact information would not be known to Olivet, but would be in the possession of Church Mutual.

Also, the workmen who installed the temporary dry in roof for Renaissance Roofing Company, also had an opportunity to observe the resultant damage. Per the Renaissance Roofing Company report issued April 14, 2011, the contact at the entity is Yvonne Gardner. The address listed for Renaissance Roofing is 2231 Hawkey Drive, Belvidere, IL 61008. Finally, the listed contact number is (800)699-5695. As to the dates that Renaissance Roofing viewed this property, it would have been between March 1, 2011 and April 14, 2011.

In addition to the above, roof consultant, Dave Cronebaugh, of Renaissance Roofing would have also viewed the property within the same time period. Mr. Cronebaugh's contact information is already known to Church Mutual in this matter, as he has been deposed by the parties previously in this case. However, Plaintiff provides the following telephone number for Mr. Cronebaugh: (815)547-1725.

The dates that these individuals would have been familiar with would have been between March 1, 2011 and November 29, 2011. Reports were provided by Renaissance Roofing, as produced previously by Olivet on October 31, 2011, November 26, 2011, and November 29, 2011.

The above represents any and all individuals who, to Plaintiff's knowledge, may be called as trial witnesses in this matter. Plaintiff reserves the right, of course, to call as a witness, any individual listed or identified by Defendant, or who has provided deposition testimony in this matter.

    4.    For each separate occurrence for which plaintiff is making claim against Church Mutual please state:

    (a)    the precise date and time of the occurrence;

    (b)    the nature of the occurrence (examples: hail, windstorm, tornado, torrential rains);

    (c)    the date or dates on which notice of the occurrence was given to Church Mutual;

    (d)    the full name, current or last known business and residential address and current or last known business, residential and cell telephone number of each person who provided notice of the occurrence to Church Mutual;

    (e)    the means by which notice of the occurrence was conveyed to Church Mutual (examples: email, U.S. Postal Service, telephone, face to face conversation);

    (f)    describe by date, content and physical description all documents or records which support plaintiff's claim that Church Mutual was given notice of each occurrence described in response to this interrogatory.

**ANSWER:**  The March 1, 2011 event was a windstorm that caused severe and continuing damage to the subject property.  This is the only occurrence that Plaintiff is basing it suit upon.  There logically were instances of rain, snow, and other weather-related events that occurred after the March 1, 2011 wind event, but, those are not specific occurrences giving rise to any independent claim in this matter.  Those additional incidences simply caused continued damage that resulted from the initial event of March 1, 2011.  Plaintiff cannot testify as to a specific date on which such other events occurred, but that they were after March 1, 2011.

5.    Describe and itemize by date of occurrence, nature of occurrence (example: hail, windstorm, tornados, torrential rains) and cost of repair the damage sustained by you as a result of each of the occurrences described of in Plaintiff's Second Amended Complaint.

**ANSWER:**  The March 1, 2011 was windstorm that caused severe and continuing damage to the subject property.  This is the only occurrence that Plaintiff is basing it suit upon.  There logically were instances of rain, snow, and other weather-related events that occurred after the March 1, 2011 wind event, but, those are not specific occurrences giving rise to any independent claim in this matter.  Those additional incidences simply caused continued damage that resulted from the initial event of March 1, 2011.

6.    Describe and itemize any and all other expenses and/or losses you claim as a result of each of the occurrences described in Plaintiff's Second Amended Complaint. As to each such expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER:**  Plaintiff is claiming the following amounts for the windstorm event of March 1, 2011.  The specific line by line entries and totals are contained within the United Construction Consultants, LLC report which is in the possession of Defendant.  Nothing has been paid toward the loss and all amount contained within the United Construction Consultants, LLC report are current unpaid and owed, as follows:

A.    **Summary for Dwelling**

| | |
|---|---|
| Line Item Total | $2,075,380.03 |
| Material Sales Tax | $    58,082.79 |
| Overhead | $  213,346.44 |
| Profit | $  213,346.44 |
| Replacement Cost Value | $2,560,155.70 |
| Net Claim | $2,560,155.70 |

**B.    Summary for Other Structures**

| | |
|---|---|
| Line Item Total | $126,622.77 |
| Material Sales Tax | $   2,707.73 |
| Overhead | $  12,933.05 |
| Profit | $  12,933.05 |
| Replacement Cost Value | $155,196.60 |
| Net Claim | $155,196.60 |

**C.    Summary for Contents**

| | |
|---|---|
| Line Item Total | $134,930.56 |
| Material Sales Tax | $      26.03 |
| Overhead | $  13,495.66 |
| Profit | $  13,495.66 |
| Replacement Cost Value | $161,947.91 |
| Net Claim | $161,947.91 |

VERIFICATION

STATE OF ILLINOIS          §
                           §
COUNTY OF _____       §


BEFORE ME, the undersigned authority, on this date personally appeared Deacon Arnold

Romeo on behalf of Plaintiff, after being by me duly sworn, deposes and says that he is making

this verification affidavit and that he has read these answers to the Fifth Supplemental Answers

to Interrogatories and that the answers are true and correct.

[signature]

Deacon Arnold Romeo

SUBSCRIBED AND SWORN TO before me this the 25th day of August,

2014.


Notary Public in and for the
State of Illinois

My Commission Expires

Official Seal
Vivian L Romeo
Notary Public State of Illinois
My Commission Expires 08/20/2017

# *EXHIBIT B*

**Scott W. Hoyne**

| | |
|---|---|
| **From:** | Scott user <scott@vosslawfirm.com> |
| **Sent:** | Thursday, August 28, 2014 5:45 PM |
| **To:** | Scott W. Hoyne |
| **Subject:** | Re: Olivet |

Read your e-mail.  Can we discuss tomorrow?  I want to cut through any confusion, as we had previously discussed these issues.

I believe I am in compliance, but think a conversation is in order.

What time works for you, Scott?

SCOTT G. HUNZIKER
MANAGING PARTNER
NATIONAL TRIAL & APPELLATE COUNSEL

THE VOSS LAW FIRM, P.C.

THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TEL. (281) VICTORY
FAX (713) 861-0021
TOLL FREE (866) 276-6179
www.VossLawFirm.com
www.DeniedClaim.com


Click Here to Sign Up for Our Free Newsletter

Recognized in:

Texas Monthly – Super Lawyers
Newsweek – A Top Attorney in the Country
NewsWeek – Texas Top Attorneys
Forbes Magazine – Texas Attorney Profiles
Inc. 500 – Houston Legal Innovators
H Texas – Top Lawyers
H Texas – Top Lawyers for the People

-

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-

mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version. www.vosslawfirm.com

On Aug 27, 2014, at 2:35 PM, Scott W. Hoyne wrote:

Scott

I have now had an opportunity to review in full your "Fifth Supplemental Objections and Answers to Interrogatories". I do not believe that your answers are responsive to our interrogatories. Moreover, I do not believe that your answers are in compliance with the Court's order of August 12, 2014[ Doc. 58].

First, in your answer to Interrogatory 6 you reference a report by "United Construction Consultants, LLC", a report which you have never produced. I called you about that this morning. You advised that the reference should have been to the report prepared by " The Stephenson Group", a report which you previously produced. After our conversation I reviewed the report in our possession prepared by "The Stephenson Group". None of the estimates found in response to Interrogatory 6 as set forth in your Fifth Supplemental Objections and Answers correspond to any of the estimates found within the previously produced report by the Stephenson Group. Either you have another report on the loss [ which you deny ] or whoever prepared the Fifth Supplemental Objections and Answers was referencing a report on some claim other than the claim made by Olivet.

Second, in your answer to Interrogatory 6 you state that the amounts listed "are current unpaid and owed". That answer suggests that the contractor has performed work on the church and that the contractor is owed money for the work performed. If work has been performed by United Construction or Stephenson Group then you have to produce the contracts, invoices, etc for that work. No such documents have been produced to date. If you erred in using the words "current unpaid and owed" then you need to so advise us.

Third, in your answer to Interrogatory 6 you make reference to a "Dwelling", "Other Structures" and "Contents". Even if you meant to reference the report prepared by the Stephenson Group and even if there were some correlation between the numbers found in your answer to Interrogatory 6 and the numbers found in the report prepared by the Stephenson Group, your answer does not comply with the Court's order of August 12, 2014 which states in pertinent part that "[p]laintiff shall provide supplemental answers that provide …. a description of the specific damage to the church resulting from each weather event and cost to repair" [ Doc. 58]. Church Mutual has no way of knowing what structure is the "Dwelling", what constitutes the "Other Structures" and what Olivet means by "Contents". Moreover, you have not itemized the "specific damage to the church" for which Olivet is suing Church Mutual. In short, one and a half years after suit was filed we are still waiting for basic information on what specifically was damaged and what Olivet is claiming for that specific damage.

Fourth, the Stephenson Group prepared estimates for the Sanctuary [ which it called Building 1], the Fellowship Hall [ which it called Building 2] and the Education Wing [ which it called Building 3]. Your supplemental answers make reference only to the Sanctuary, on page 3 of 6 in the last paragraph of that page. We know from the sworn testimony of Deacon Sawyer that the leak and damage which he observed was in the Sanctuary. Are you dropping claims for damage to the Fellowship Hall and the

Education Wing? Again, we think that this is basic information which should have been in our possession long before today's date.

You have advised me that Deacon Arnold Romeo will be Olivet's 30-b-6 witness for the deposition which was originally noticed for August 26, 2014. We agreed to continue Mr. Romeo's 30-b-6 deposition so that you could provide us with supplemental answers in compliance with the Court's August 12 order. It was Mr. Romeo who signed Olivet's Fifth Supplemental Objections and Answers to Interrogatories. Until we have complete, accurate and compliant supplemental answers to interrogatories in our hands I do not see how we can take Mr. Romeo's 30-b-6 deposition. Since fact discovery closes at the end of September we need complete, accurate and compliant supplemental answers immediately.

I think that the rules require that we discuss the above concerns before we go back before Judge Finnegan. Would you please give me a call after you have read this letter so that we can try to reach a resolution of our concerns without involving the court? Thanks.

Regards,

Scott Hoyne

Scott W. Hoyne, Attorney at Law

## JOHNSON&BELL

33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
**D: (312) 984-0233**

hoynes@jbltd.com | www.johnsonandbell.com

---

All contents of this e-mail and any attachment are private & confidential. If received or viewed by anyone other than the intended recipient, neither this e-mail nor any attachments, or anything derived from these, may be used or passed on for any purpose whatsoever, and all materials must be destroyed and the sender notified immediately.

# *EXHIBIT C*

**Scott W. Hoyne**

| | |
|---|---|
| **From:** | Scott W. Hoyne |
| **Sent:** | Thursday, September 04, 2014 5:06 PM |
| **To:** | 'Scott user' |
| **Cc:** | Eric W. Moch; Ken Apicella (kca@dgaalaw.com) |
| **Subject:** | RE: Done with the rogg answer |

Is Olivet abandoning claims for alleged damage to the fellowship hall and the education wing. That was a question put to you in my email of August 27. I think that we are entitled to a yes or no on my question. Thanks .

---

**From:** Scott user [mailto:scott@vosslawfirm.com]
**Sent:** Thursday, September 04, 2014 3:14 PM
**To:** Scott W. Hoyne
**Cc:** Denise Novak
**Subject:** Re: Done with the rogg answer

Was trying to get a Verification from Deacon Romeo. If I don't get it back soon, will go ahead and send it on to you.

SCOTT G. HUNZIKER
MANAGING PARTNER
NATIONAL TRIAL & APPELLATE COUNSEL

THE VOSS LAW FIRM, P.C.

THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TEL. (281) VICTORY
FAX (713) 861-0021
TOLL FREE (866) 276-6179
www.VossLawFirm.com
www.DeniedClaim.com


Click Here to Sign Up for Our Free Newsletter

Recognized in:

Texas Monthly – Super Lawyers
Newsweek – A Top Attorney in the Country
NewsWeek – Texas Top Attorneys
Forbes Magazine – Texas Attorney Profiles
Inc. 500 – Houston Legal Innovators
H Texas – Top Lawyers
H Texas – Top Lawyers for the People

# *EXHIBIT D*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **OLIVET BAPTIST CHURCH,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 1:13-cv-01625** |
| | § | |
| **CHURCH MUTUAL INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | |

**PLAINTIFF'S SIXTH SUPPLEMENTAL OBJECTIONS AND
ANSWERS TO INTERROGATORIES**

TO:   Defendant Church Mutual Insurance Company, by and through its attorney of record,
      Scott W. Hoyne, Johnson & Bell, LTD, 3 West Monroe Street, Ste. 2700, Chicago, IL
      60603

COMES NOW Plaintiff in the above-entitled and numbered cause of action, and pursuant

to the Federal Rules of Civil Procedure, as well as pursuant to the existing agreements between

the parties, serves this its Sixth Supplemental Objections and Answers to Defendant, Church

Mutual Insurance Company's Interrogatories.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.
26619 Interstate 45
The Woodlands, Texas 77380
(713) 861-0015 (Telephone)
(713) 861-0021 (Facsimile)

By:   _____
      SCOTT G. HUNZIKER
      Federal ID No. 38752

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded to all attorneys of record named below on the 4th day of September, 2014.

Scott W. Hoyne
Johnson & Bell, LTD
3 West Monroe Street, Ste. 2700
Chicago, IL 60603

Kenneth C. Apicella
Drost, Gilbert, Andrew & Apicella
800 E. Northwest Hwy, Ste. 1090
Palatine, IL 60074

Scott G. Hunziker

## PLAINTIFF'S SIXTH SUPPLEMENTAL OBJECTIONS
## AND ANSWERS TO INTERROGATORIES

     6.    Describe and itemize any and all other expenses and/or losses you claim as a result of each of the occurrences described in Plaintiff's Second Amended Complaint. As to each such expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER:**   **In regard to the expenses or losses claimed by the Plaintiff in association with the windstorm event of March 1, 2011, all such damage can be found within the previous expert estimate, authored by Shannon Cook with The Stephenson Group in this matter. Moreover, and specific to this Interrogatory and the Court Order regarding the same, Plaintiff would submit that the following damages occurred based upon the above described loss:**

     **1.**    **Olivet Baptist Church suffered severe exterior damage to the roof of the church as well as the front, right and left elevations of the structure. Repair to the fencing that surrounds the property as well as the church signage due to the above described event. The following amounts correspond to the specific damage claimed by the Plaintiff in this matter:**

**Exterior Damage**

| | | |
|---|---|---|
| a) | Replace entire roof due to wind damage | $192,674.22 |
| b) | Repair storm related damage - front elevation | $  5,950.56 |
| c) | Repair storm related damage - right elevation | $ 12,558.80 |
| d) | Repair storm related damage - left elevation | $  5,404.68 |
| e) | Signage - replacement due to wind damaged | $  4,628.08 |
| f) | Fencing - repair storm related damage | $  2,460.78 |

**Total: Exterior**     **$223,677.12**

     **2.**    **Olivet Baptist Church suffered severe interior damage to the first floor of Building I as a result of the above described event. Specifically, repairs are necessary to the main sanctuary, right and left entrances, and right and left rear stairs. An electrical check is also needed in the sanctuary.   The following amounts correspond to the specific damage claimed by the Plaintiff in this matter:**

**Interior Damage - Building I - First Floor**

| | | |
|---|---|---|
| a) | Electrical check in sanctuary | $  2,424.51 |
| b) | Repairs to main sanctuary | $1,724,763.40 |

| | | | |
|---|---|---|---|
| c) | Repairs to the right entrance | $ | 21,874.55 |
| d) | Repairs to the left entrance | $ | 21,583.21 |
| e) | Repairs to the rear stairs - right | $ | 93,933.05 |
| f) | Repairs to the rear stairs - left | $ | 91,481.95 |

**Total repairs to Building I - First Floor**       **$1,956,060.67**

3.      Plaintiff suffered damage to personal property as a result of the windstorm event made basis of this suit.  The Church's pipe organ sustained water damage and must be replaced.  The amount below also reflects labor charges to retrofit the organ into the existing space.  The following amount is necessary for replacement of Plaintiff's personal property claimed in this matter as a result of the March 1, 2011 windstorm event:

<u>Replacement of Personal Property</u>

Replace water damaged pipe organ including labor to retrofit new organ.

**Total replacement of personal property**       **$127,749.94**

4.      Due to the above windstorm event which occurred on March 1, 2011, and considering the extensive and necessary repairs needed to Plaintiff's property, in order to preserve the existing personal belongings of Plaintiff, it will be necessary to pack and move furniture and other personal contents of Plaintiff to a storage facility.  The amount below reflects the cost of this task and is as follows:

<u>Pack-Out/Content Storage</u>

Off site climate controlled storage including insurance and 12 men to work for 10 hour days to pack up and move furniture and belongings to facilitate repairs, including move items back and set up after all repairs have been completed.

**Total for pack-out and contents storage**       **$ 36,196.80**

5.      Due to the above windstorm event which occurred on March 1, 2011, and the extensive repairs needed to the sanctuary and other above described areas within the facility, Plaintiff will be unable to hold its religious sermons and normal facility functions during the repairs stage.  Therefore, it is necessary for Plaintiff to temporarily relocate its facility.  The amount below reflects the necessary cost of the relocation as follows:

<u>Relocation Expense</u>

The following expense is based upon ten (10) months at $5,500.00 per month for repairs to be made to all three (3) buildings.

Total for relocation expense                         $   55,000.00

6.      Plaintiff is claiming additional miscellaneous expenses necessary to facilitate the repairs to its property caused by the wind event of March 1, 2011.   The following expenses are as follows and more particularly described within the report authored by Shannon Cook with The Stephenson Group:

<u>Miscellaneous Expenses</u>

| | | | |
|---|---|---|---|
| a) | Temporary construction office | $ | 1,116.32 |
| b) | On site evaluation/supervisor | $ | 42,869.76 |
| c) | Job-site storage container | $ | 968.00 |
| d) | Rental of temporary toilet | $ | 1,440.00 |
| f) | Dumpsters | $ | 5,976.27 |
| g) | Taxes, insurance and permits | $ | 2,700.00 |
| | Total for miscellaneous expenses | $ | 55,070.35 |
| | Grand total for Sections I-VI | | $2,453,754.88 |

7.      Below is an itemized list of additional job-related expenses necessary to repair Plaintiff's property and resume its function as a house of worship.   These charges are covered charges under Plaintiff's dwelling, contents and other structures coverage contained within its policy of insurance.   These charges were made necessary due to the extensive repairs needed to its property which was damaged by the wind event of March 1, 2011.  These additional job-related expenses are as follows:

<u>O&P Items</u>

| | | | |
|---|---|---|---|
| a) | Acoustical treatments | $ | 14,699.52 |
| b) | Contents:  Clean garments & soft goods | $ | 60,725.76 |
| c) | Contents:  Clean hard furniture | $ | 2,505.60 |
| d) | Cleaning | $ | 7,233.09 |
| e) | Contents: Packing, handling, storage | $ | 19,308.80 |
| f) | General demolition | $ | 126,981.37 |
| g) | Electrical | $ | 7,083.42 |
| h) | Misc. commercial equipment | $ | 176,336.01 |
| i) | Heavy equipment | $ | 7,875.00 |
| j) | Floor covering - carpet | $ | 33,466.45 |
| k) | Floor covering - wood | $ | 178,596.42 |
| l) | Permits and fees | $ | 2,700.00 |
| m) | Fencing | $ | 2,121.68 |
| n) | Finish carpentry/trimwork | $ | 13,770.33 |
| o) | Fire protection systems | $ | 13.82 |

| | | | |
|---|---|---|---|
| p) | Framing and rough carpentry | $ | 34,959.24 |
| q) | Glass, glazing and storefronts | $ | 19,038.40 |
| r) | Heat, vent and air conditioning | $ | 5,024.24 |
| s) | Light fixtures | $ | 6,430.96 |
| t) | Mirror and shower doors | $ | 844.80 |
| u) | Interior lath and plaster | $1,476,077.31 | |
| v) | Painting | $ | 56,929.02 |
| w) | Roofing | $ | 76,772.20 |
| x) | Scaffolding | $ | 8,155.56 |
| y) | Soffit, fascia and gutter | $ | 22,950.00 |
| z) | Specialty items | $ | 2,384.64 |
| aa) | Temporary repairs | $ | 2,556.32 |
| bb) | Window reglazing and repair | $ | 17,652.92 |
| cc) | Water extraction and remediation | $ | 15,562.00 |
| | **Totals for O&P Items** | **$2,398,754.88** | |

8.    Below is an itemized list of additional expenses directly related to the job-related expenses specified above that are necessary to repair Plaintiff's property. These charges are covered charges under Plaintiff's dwelling, contents and other structures coverage contained within its policy of insurance. These expenses are resulting from damage to Plaintiff's property as a result of a March 1, 2011 wind event. These additional job-related expenses are as follows:

**Non-O&P Items**

| | | | |
|---|---|---|---|
| a) | Speciality items (Non-O&P) | $ | 55,000.00 |
| | Total for Non-O&P items | $ | 55,000.00 |
| | Totals for O&P Items | $2,398,754.88 | |
| | **Total** | **$2,453,754.88** | |
| b) | Materials sales tax | $ | 35,674.76 |
| c) | Overhead | $ | 243,443.07 |
| d) | Profit | $ | 243,443.07 |
| | **Grand total claimed by Olivet Baptist Church** | **$2,976,315.78** | |

# *EXHIBIT E*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OLIVET BAPTIST CHURCH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-01625 |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
|     Defendant. | ) | |

<u>**NOTICE OF RULE 30(b)6) DEPOSITION**</u>

TO:    Olivet Baptist Church

c/o Scott G. Hunziker                Kenneth C. Apicella
The Voss Law Firm, P.C.           c/o Drost, Gilbert, Andrew and Apicella, LLC
26619 Interstate 45    and    800 E. Northwest Highway; Suite 1090
The Woodlands, TX 77380         Palatine, IL 60074
scott@vosslawfirm.com              KCA@dgaalaw.com

Pursuant to 30(b)(6) of the Federal Rules of Civil Procedure Olivet Baptist Church is required to produce for deposition on August 26, 2014 at 10:00 a.m. at the offices of Johnson & Bell, Ltd., Suite 2700, 33 West Monroe Street, Chicago, Illinois, the person or persons most knowledgeable regarding the following particular matters. Olivet Baptist Church has a duty pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure to designate a representative or representatives who can testify and consents to testify concerning the particular matters described below.

      1)    The "wind" which allegedly caused damage to Olivet Baptist Church as described in paragraph 9 of Plaintiff's Second Amended Complaint;

      2)    The "other weather related conditions" which allegedly caused damage to Olivet Baptist Church as described in paragraph 9 of Plaintiff's Second Amended Complaint;

3) The "other covered events" which allegedly caused damage to Olivet Baptist Church as described in paragraph 9 of Plaintiff's Second Amended Complaint;

4) The precise nature, date, time, duration and severity of all weather event(s) which Olivet Baptist Church claims caused damage to its property on or after March 1, 2011;

5) The precise nature, date, time, duration and severity of all "covered events" described in paragraph 9 of Plaintiff's Second Amended Complaint which Olivet Baptist Church claims damaged its property;

6) The precise nature, date, time, duration and severity of the "additional wind events" which allegedly occurred during "... the summer months of 2011 and into the fall 2011 season" as described in paragraph 14 of Plaintiff's Second Amended Complaint;

7) The precise nature, date, time, duration and severity of the "numerous weather events, including tornadoes, excessive winds and hail" which Olivet Baptist Church claims took place "... between June 1, 2011 and June 21, 2011..." as described in paragraph 15 of Plaintiff's Second Amended Complaint;

8) The precise nature, date, time, duration and severity of the "... additional hailstorms and wind events" which allegedly took place "... on dates up to and including September 3, 2011" as described in paragraph 15 of Plaintiff's Second Amended Complaint.

9) The precise nature, date, time, duration and severity of the "... additional windstorms, torrential rains and hail storms..." which are alleged by Olivet Baptist Church to have occurred from "... May of 2012 through August 2012..." and which allegedly caused "continuing damage" as described in paragraph 18 of Plaintiff's Second Amended Complaint.

10) The notice(s) and/or information given by Olivet Baptist Church to Church Mutual of the additional "wind events" which allegedly took place "during the summer months

of 2011 and into the fall 2011 season" as described in paragraph 14 of Plaintiff's Second Amended Complaint, including the name(s) of the person who provided said notice(s) and information to Church Mutual Insurance Company.

11)     The notice(s) and/or information given by Olivet Baptist Church to Church Mutual of the additional "numerous weather events, including tornados, excessive wind and hail" which allegedly took place "between June 1, 2011 and June 21, 2011" as described in paragraph 15 of Plaintiff's Second Amended Complaint, including the name(s) of the person who provided said notice(s) and information to Church Mutual Insurance Company.

12)     The notice(s) and/or information given by Olivet Baptist Church to Church Mutual of the additional "hail storms and wind events" which allegedly took place "on dates up to and including September 3, 2011" as described in paragraph 15 of Plaintiff's Second Amended Complaint, including the name(s) of the person who provided said notice(s) and information to Church Mutual Insurance Company.

13)     The notice(s) and/or information given by Olivet Baptist Church to Church Mutual of the additional "windstorms, torrential rains and hail storms" which allegedly took place "May of 2012 through August 2012" as described in paragraph 18 of Plaintiff's Second Amended Complaint, including the name(s) of the person who provided said notice(s) and information to Church Mutual Insurance Company.

14)     The physical loss and damage to property claimed by Olivet Baptist Church by reason of each of the weather events and other occurrences described in Plaintiff's Second Amended Complaint.

15)     The causal relation between the wind storm or weather event of March 1, 2011 described in paragraph 9 of Plaintiff's Second Amended Complaint and the loss and damage for which Olivet has made claim to Church Mutual.

16)     The precise location(s) where the structure known as Olivet Baptist Church sustained wind or hail damage to its roof or walls which allowed rain or snow to enter the interior of the structure.

The representative or representatives designated by Olivet Baptist Church to testify in response to this Notice are requested to produce at deposition the following documents actually or constructively possessed by Olivet Baptist Church or its attorney:

[a]     All books, records, or documents which describe or document the nature, time, duration and severity of the "wind, and/or other weather related conditions as well as other covered events" which took place on March 1, 2011 and are referenced in paragraph 9 of Plaintiff's Second Amended Complaint.

[b]     All books, records, or documents which describe or document the nature, date, time, duration and severity of the "additional wind events" which occurred during "… the summer months of 2011 and into the fall 2011 season" and are referenced in paragraph 14 of Plaintiff's Second Amended Complaint.

[c]     All books, records, or documents which describe or document the nature, date, time, duration and severity of the "numerous weather events, including tornados, excessive winds and hail" which Olivet Baptist Church claims took place "… between June 1, 2011 and June 21, 2011…" and are referenced in paragraph 15 of Plaintiff's Second Amended Complaint.

[d]     All books, records, or documents which describe or document the nature, date, time, duration and severity of the "… additional wind storms, torrential rains and hail storms…"

4

which are alleged by Olivet Baptist Church to have occurred from "... May of 2012 through August of 2012..." and which allegedly caused "continuing damage" and are referenced in paragraph 18 of Plaintiff's Second Amended Complaint.

[e]     All books, records, documents or photographs which describe, depict or document the loss and damage which is claimed by Olivet Baptist Church as a result of the occurrence or occurrences referenced in Plaintiff's Second Amended Complaint.

[f]     All books, records, documents, or photographs which describe, depict or document those locations on the structure known as Olivet Baptist Church where said structure sustained wind or hail damage to its roof or walls which allowed rain or snow to enter the interior of the structure.

The deposition(s) will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer authorized by law to administer oaths and record testimony. The testimony will be recorded via stenographic means.

One of the Attorneys for Church Mutual Insurance Company

Scott W. Hoyne
Eric W. Moch
JOHNSON & BELL, LTD.
33 West Monroe St.
Suite 2700
Chicago, IL  60603
(312) 372-0770
#3795928

5

## CERTIFICATE OF SERVICE

The undersigned, first being duly sworn on oath, certifies that she has served the foregoing NOTICE OF RULE 30(b)(6) DEPOSITION to the attorneys of record in this cause by emailing and depositing a copy of same in the U. S. Mail, properly addressed and with proper postage affixed thereto, on July 22, 2014.

*Roberta Nussbaum*

[x] Under penalties as provided by law pursuant to 735 ILCS5/1-109, I certify that the statements set forth herein are true and correct.

6

# *EXHIBIT F*

**Scott W. Hoyne**

| | |
|---|---|
| **From:** | Scott W. Hoyne |
| **Sent:** | Friday, August 22, 2014 10:32 AM |
| **To:** | 'Scott user' |
| **Cc:** | Ken Apicella (kca@dgaalaw.com); 'Eric Moch' |
| **Subject:** | Olivet |

Good morning Scott

As you know the 30-b-6 deposition of Olivet is set to commence at 10 a.m. in our office on August 26. Can you advise me who will be appearing for Olivet? If there will be more than one witness I would like to know that as well. We have to arrange for a court reporter. Also, would you be kind enough to provide me with the court mandated updates to your discovery responses prior to the commencement of the deposition[s]? Thanks

Scott

# *EXHIBIT G*

**Scott W. Hoyne**

| | |
|---|---|
| **From:** | Scott W. Hoyne |
| **Sent:** | Monday, August 25, 2014 9:24 AM |
| **To:** | 'Scott user' |
| **Subject:** | RE: Depo Tuesday |

Presuming you are coming to Chicago for the inspection and 30-b-6 why don't you give me some proposed dates?
Thanks

-----Original Message-----
From: Scott user [mailto:scott@vosslawfirm.com]
Sent: Monday, August 25, 2014 9:17 AM
To: Scott W. Hoyne
Subject: Re: Depo Tuesday

ASAP

Scott G. Hunziker
Managing Partner
National Trial & Appellate Counsel

The Voss Law Firm, P.C.

Sent from my iPhone

> On Aug 25, 2014, at 10:15 AM, "Scott W. Hoyne" <hoynes@jbltd.com> wrote:
>
> I am ok with your proposal. When do you want to do the inspection and present your 30-b-6 witness[es]?
>
>
> Scott W. Hoyne, Attorney at Law
>
> Johnson & Bell
> 33 West Monroe Street, Suite 2700
> Chicago, Illinois 60603-5404
> T: (312) 372-0770 | F: (312) 372-9818
> D: (312) 984-0233
>
> hoynes@jbltd.com | www.johnsonandbell.com
>
> -----Original Message-----
>
> From: Scott user [mailto:scott@vosslawfirm.com]
> Sent: Saturday, August 23, 2014 6:26 PM
> To: Scott W. Hoyne; Eric W. Moch
> Subject: Depo Tuesday
>
> Good evening, Scott & Eric.
>

> As related to your last request, the discoverable minutes and chronicles can be made available ASAP for you to inspect, to the extent that they are not privileged.  I think you will see that they aren't exactly relevant to this matter, as I understand there content.
>
> I think we should do the Tuesday supplementation, ... then do the inspection at the church soon thereafter, ... and then do the corp rep depo for Olivet.  That way you can be satisfied that you've seen everything.
>
> Scott G. Hunziker
> Managing Partner
> National Trial & Appellate Counsel
>
> The Voss Law Firm, P.C.
>
> Sent from my iPhone
>
>
>
> _____
>
> All contents of this e-mail and any attachment are private & confidential. If received or viewed by anyone other than the intended recipient, neither this e-mail nor any attachments, or anything derived from these, may be used or passed on for any purpose whatsoever, and all materials must be destroyed and the sender notified immediately.
>

# *EXHIBIT H*

**Scott W. Hoyne**

| | |
|---|---|
| **From:** | Scott W. Hoyne |
| **Sent:** | Friday, September 05, 2014 5:51 PM |
| **To:** | 'Scott user' |
| **Cc:** | Ken Apicella (kca@dgaalaw.com); Eric W. Moch |
| **Subject:** | Olivet |

HI Scott

I need the verification for the Sixth Supplemental.  Also,  I need dates for the Romeo 30-b-6 dep.   Thanks

# *EXHIBIT I*



# BUILDING 1 - ESTIMATE

**BUILDING =**                                   **$ 2,833,287.28**

**OTHER STRUCTURES =**                    **$      3,053.66**

**BUSINESS PERSONAL PROPERTY =**    **$    139,974.84**

# *EXHIBIT J*



# BUILDING 2 - ESTIMATE

**BUILDING =**                                    **$ 556,701.50**

**BUSINESS PERSONAL PROPERTY =**        **$   18,065.77**

# *EXHIBIT K*



# BUILDING 3 - ESTIMATE

**BUILDING =**                                    **$ 600,559.30**

**BUSINESS PERSONAL PROPERTY =**          **$ 44,487.06**

# *EXHIBIT L*

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| OLIVET BAPTIST CHRUCH | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:13-CV-06125 |
| CHURCH MUTUAL INSURANCE COMPANY | ) |
| | )    (If the action is pending in another district, state where: |
| *Defendant* | )                                      ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Shannon Cook, The Stephenson Group, 6700 Woodlands Parkway, Suite 294, The Woodlands, Texas 77382

    ☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Voss Law Firm, P.C.<br>     26619 Interstate 45<br>     The Woodlands TX 77380 | Date and Time:<br><br>    07/11/2014 10:00 am |
|---|---|

      The deposition will be recorded by this method: _____

    ☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any and all books, records, photos, videos, images or documents of any kind concerning work performed by deponent or by The Stephenson Group in connection with losses claim or suits filed by Olivet Baptist Church, 3101 South King Drive, Chicago, Illinois 60616.

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    06/24/2014

        *CLERK OF COURT*

                                     OR

    _____      _____
        *Signature of Clerk or Deputy Clerk*                             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Church Mutual Insurance Company                                   , who issues or requests this subpoena, are:

Scott W. Hoyne, Esq./Johnson & Bell, Ltd. (hoynes@jbltd.com)
33 West Monroe St., Suite 2700, Chicago, IL 60603
312-372-0770

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:13-CV-06125

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____             _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*EXHIBIT M*

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| OLIVET BAPTIST CHRUCH | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:13-CV-06125 |
| CHURCH MUTUAL INSURANCE COMPANY | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Kevin Mohr, The Stephenson Group, 6700 Woodlands Parkway, Suite 294, The Woodlands, Texas 77382

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Voss Law Firm, P.C. 26619 Interstate 45 The Woodlands TX 77380 | Date and Time: 07/10/2014 2:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any and all books, records, photos, videos, images or documents of any kind concerning work performed by deponent or by The Stephenson Group in connection with losses claim or suits filed by Olivet Baptist Church, 3101 South King Drive, Chicago, Illinois 60616.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   06/24/2014

CLERK OF COURT

OR

_____         _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Church Mutual Insurance Company _____ , who issues or requests this subpoena, are:

Scott W. Hoyne, Esq./Johnson & Bell, Ltd. (hoynes@jbltd.com)
33 West Monroe St., Suite 2700,  Chicago, IL 60603
312-372-0770

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:13-CV-06125

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# *EXHIBIT N*

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| OLIVET BAPTIST CHRUCH | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:13-CV-06125 |
| CHURCH MUTUAL INSURANCE COMPANY | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Robert Stephenson, The Stephenson Group, 6700 Woodlands Parkway, Suite 294, The Woodlands, Texas
77382

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate
one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf
about the following matters, or those set forth in an attachment:

| Place: The Voss Law Firm, P.C.<br>26619 Interstate 45<br>The Woodlands TX 77380 | Date and Time:<br><br>07/10/2014 10:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:

Any and all books, records, photos, videos, images or documents of any kind concerning work performed by deponent or
by The Stephenson Group in connection with losses claim or suits filed by Olivet Baptist Church, 3101 South King Drive,
Chicago, Illinois 60616.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  06/24/2014

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Church Mutual Insurance
Company _____ , who issues or requests this subpoena, are:
Scott W. Hoyne, Esq./Johnson & Bell, Ltd. (hoynes@jbltd.com)
33 West Monroe St., Suite 2700,  Chicago, IL 60603
312-372-0770

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:13-CV-06125

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                              *Server's signature*

                                              _____
                                                              *Printed name and title*

                                              _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 (2) *Command to Produce Materials or Permit Inspection.*

 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 (i) fails to allow a reasonable time to comply;

 (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 (iv) subjects a person to undue burden.

 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 (i) disclosing a trade secret or other confidential research, development, or commercial information;

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 (2) *Claiming Privilege or Protection.*

 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 (i) expressly make the claim; and

 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# *EXHIBIT O*

 **Stephenson's Claims Service, INC.**

|  |  |
|---|---|
| Insured: | Olivet Baptist Church |
| Business: | 3101 S. King Drive |
|  | Chicago, IL 60616 |

|  |  |
|---|---|
| Estimator: | Shannon Cook |

**Claim Number:**      **Policy Number:**      **Type of Loss:** Wind Damage

| Date of Loss: | 3/1/2011 | Date Received: |
|---|---|---|
| Date Inspected: | 12/12/2012 | Date Entered: |

|  |  |
|---|---|
| Price List: | GAAT7X_APR13 |
|  | Restoration/Service/Remodel |
| Estimate: | OLIVET_BAPTIST |

 **Stephenson's Claims Service, INC.**

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Dwelling | 2,102,679.34 | 94.95% | 2,572,449.15 | 95.03% |
| Other Structures | 2,283.65 | 0.10% | 2,839.32 | 0.10% |
| Contents | 109,525.82 | 4.95% | 131,649.90 | 4.86% |
| Total | 2,214,488.81 | 100.00% | 2,706,938.37 | 100.00% |

OLIVET_BAPTIST